UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMMAD H. NADERI, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>FRITO-LAY, INC.; FRITO LAY; )<br>FRITO-LAY NORTH AMERICA, INC.; )<br>FRITOLAY.COM; JOHN DOE; )<br>TOM GRECO & WIFE; DON OLSON )<br>& WIFE; CURTIS HOBBY & WIFE; )<br>JANET GALBREATH & HUSBAND; )<br>SIDGWICK CMS CEO & WIFE; )<br>SIDGWICK CMS & SIDGWICK CMS )<br>PEPSI CO; and LEE ANNE GILMAN, )<br>)<br>Defendants ) | CAUSE NO. 1:16-CV-41 RLM |

ORDER

Mohammad Naderi has filed a complaint under 42 U.S.C. § 1983 and a petition to proceed *in forma pauperis*. He alleges in his complaint that the super party sized bag of Doritos Nacho Cheese Chips he bought in 2014 in Fort Wayne, Indiana, was contaminated, resulting in injury and doctor and hospital bills he can't pay. Mr. Naderi claims the defendants have conspired to violate his civil and constitutional rights by refusing to pay him for his claims. He reports that he is 61 years of age, Muslim, and of Iranian national origin.

28 U.S.C. § 1915(e)(2)(B) permits a court to screen cases "at any time" and dismiss a case that is legally frivolous or fails to state a claim upon which relief can be granted. An examination of Mr. Naderi's complaint shows that this is just

such a case, one that is based on "an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

To be actionable under 42 U.S.C. § 1983, the conduct complained of must have occurred at the hands of a person acting under color of state law and must have deprived the complainant of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Naderi hasn't alleged and can't establish either element of a Section 1983 claim. He seeks to bring suit against private companies and private citizens, *i.e.*, officials of those private companies and the spouses of those officials, and he hasn't alleged that any of the defendants acted "under color of state law" or conspired with a state actor to deprive him of his constitutional rights. Brokaw v. Mercer County, 235 F.2d 1000, 1009 (7th Cir. 2000). Lastly, Mr. Naderi's claim that the defendants violated unspecified "civil rights and constitutional rights" by "deceiving, frauding, not showing responsibilities & liabilities" and not compensating him for his injuries doesn't rise to the level of a Constitutional violation required to state a claim under Section 1983.

Because the defendants aren't state actors and the conduct complained of hasn't deprived Mr. Naderi of rights secured under the United States Constitution, he has no claim cognizable under 42 U.S.C. § 1983. The court **DENIES** Mr. Naderi leave to proceed *in forma pauperis* [docket # 2] and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED:   February 4, 2016

                                         /s/ Robert L. Miller, Jr.
                                      Judge, United States District Court